942 F.2d 793
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alba ROCHA-CONTRERAS, Allen Richard Morales, Elias Morales,
Petitioners,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70652.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 28, 1991.
 
 Before JAMES R. BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alba Rocha-Contreras, Alan Richard Morales, and Elias Morales, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals ("BIA") decision upholding the immigration judge's ("IJ") denial of their requests for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a). We deny the petition for review.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo the BIA's determinations involving questions of law. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988). Factual findings are reviewed for "substantial evidence." See Arteaga v. INS, 836 F.2d 1227, 1228 (9th Cir.1988). This standard requires that the BIA's conclusion, based on the evidence presented, be "substantially reasonable." Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1988).
 
 II
 Analysis
 
 5
 To be eligible for asylum, the applicant must show refugee status. 8 U.S.C. § 1158(a). A "refugee" is an alien who is unwilling or unable to return to his or her former country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); Turcios v. INS, 821 F.2d 1396, 1398 (9th Cir.1987). The well-founded fear standard includes both an objective and subjective component. See INS v. Cardoza-Fonseca, 480 U.S. 421, 431 (1987). The subjective component requires a showing that the alien's fear is genuine. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988). The objective component requires the alien to show credible, direct, and specific evidence of facts that would support a reasonable fear of persecution. See id. Thus, the applicant must show both a genuine subjective fear, and a "reasonable possibility" of persecution. Id.
 
 
 6
 Here, the BIA held that the petitioners failed to establish eligibility for asylum based on past persecution or on a well-founded fear of future persecution. Petitioners' contentions were based on a fear of harm from the Sandinistas.
 
 
 7
 The Rocha-Contreras family did not support the Sandinista government when it controlled Nicaragua. One of Alba Rocha-Contreras's brothers fought with the Somozistas against the Sandinistas. Another brother was allegedly drafted into the Sandinista army. Alba Rocha-Contreras left Nicaragua when one of her sons, Alan, was of draft age. She fears that her son will be drafted into the military if they return to Nicaragua.[1] Petitioners contend that the Sandinistas searched their home for weapons on four occasions, but they concede no one was ever hurt. There is no evidence that any of the petitioners were ever harmed or had their life threatened by the Sandinistas.
 
 
 8
 The BIA took administrative notice that the Sandinistas no longer control Nicaragua, and of the announcement by the new Nicaraguan president of a general amnesty plan and the end of military conscription. As a result, the BIA concluded that the petitioners failed to establish eligibility for asylum based on past persecution, or a well-founded fear of future persecution by the Sandinistas upon their return to Nicaragua.[2] We conclude that substantial evidence supports the BIA's decision. See Arteaga, 836 F.2d at 1228.[3]
 
 
 9
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have held that a government's effort to recruit an individual into the military does not constitute persecution. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1005 (9th Cir.1988) (citation omitted)
 
 
 [2]
 Furthermore, petitioners may file a motion to reopen their case to rebut the facts administratively noticed by the BIA. See 8 C.F.R. § 3.1; accord Mariusz v. Kaczmarczyk, et al., Nos. 90-1964, 90-2070, 90-2412, slip op. at 14 (7th Cir. Jan. 29, 1991) (motion to reopen provides asylum applicants with an opportunity to present the BIA with evidence that the facts it officially noticed are incorrect, or are true, but are irrelevant to their case)
 
 
 [3]
 Petitioners failure to meet their burden as to the less stringent standard necessary for a grant of political asylum necessarily demonstrates their failure to meet the more stringent standard for withholding of deportation. See Diaz-Escobar, 782 F.2d at 1492. Therefore, we need not separately review the BIA's findings as it relates to petitioners' claim for withholding of deportation. See id